# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

LAWANDA HOLLISTER,

        Petitioner,        Case Number: 2:06-CV-13556

v.        HON. MARIANNE O. BATTANI

CLARICE STOVALL,

        Respondent.
_____/

## OPINION AND ORDER GRANTING RESPONDENT'S MOTION FOR SUMMARY JUDGMENT

Petitioner Lawanda Hollister has filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner is currently incarcerated at the Scott Correctional Facility in Plymouth, Michigan, pursuant to a conviction for second-degree murder. Respondent filed a Motion for Summary Judgment, contending that the petition was not timely filed. Petitioner has filed a response to the Motion. For the reasons which follow, the Court determines the petition was not timely filed and the petition is dismissed with prejudice.

### I. Background

Petitioner pleaded guilty in Genesee County Circuit Court to second-degree murder. On April 16, 1987, she was sentenced to forty to sixty years imprisonment.

Petitioner filed an appeal in the Michigan Court of Appeals, challenging her sentence on several grounds. The Michigan Court of Appeals affirmed her conviction and sentence. *People v. Hollister*, No. 113763 (Mich. Ct. App. Sept. 26, 1989).

Petitioner filed an application for leave to appeal in the Michigan Supreme Court, raising

the same claims raised in the Michigan Court of Appeals. The Michigan Supreme Court denied leave to appeal. *People v. Hollister*, No. 87411 (Mich. March 7, 1990).

On February 26, 1997, Petitioner filed a petition for a writ of habeas corpus in the United States District Court for the Western District of Michigan. That petition was dismissed without prejudice for want of prosecution on July 2, 1998. *Hollister v. Langley*, No. 4:97-cv-24 (W.D. Mich. July 2, 1998).

On July 24, 2006, Petitioner filed the pending petition in the Western District of Michigan. The Western District court transferred the petition to this Court because Petitioner was convicted in Genesee County and incarcerated in Wayne County, both of which are located in the Eastern District of Michigan.

Respondent has filed a Motion for Summary Judgment and Petitioner has filed a reply to the motion.

## II. Analysis

Respondent has filed a Motion for Summary Judgment on the ground that the petition was not timely filed.

The Antiterrorism and Effective Death Penalty Act of 1996, Pub.L. No. 104-132, 110 Stat. 1214 ("AEDPA" or "the Act") applies to all habeas petitions filed after the effective date of the Act, April 24, 1996, and imposes a one-year limitations period on habeas corpus petitions. Although Petitioner challenges a conviction rendered before 1996, the one-year statute of limitations applies to her petition because the petition was filed after April 24, 1996. *Lindh v. Murphy*, 521 U.S. 320, 336-37 (1997).

A prisoner must file a federal habeas corpus petition within one year of the "date on

2

which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. (d)(1)(A). Where a prisoner's conviction became final prior to the effective date of the AEDPA, the prisoner is permitted one year from the AEDPA's effective date to file a petition for habeas corpus relief in federal court. *Austin v. Mitchell*, 200 F.3d 391, 393 (6th Cir. 1999). In addition, the time during which a prisoner seeks state-court collateral review of a conviction does not count toward the limitations period. 28 U.S.C. § 2244(d)(2).

In the pending case, Petitioner's conviction became final before the AEDPA's effective date, April 24, 1996. Therefore, absent state collateral review, Petitioner was required to file her application for habeas corpus relief by April 24, 1997, to comply with the one-year limitations period. Petitioner filed a habeas corpus petition in the Western District on February 26, 1997. That petition was dismissed without prejudice on July 2, 1998, for want of prosecution. *Hollister v. Langley*, No. 4:97-cv-24 (W.D. Mich. July 2, 1998). The Supreme Court has held that 28 U.S.C. § 2244(d)(2)'s tolling provision "does not toll the limitations period during the pendency of a federal habeas petition." *Duncan v. Walker*, 121 S. Ct. 2120, 2129 (2001). However, the Court did not foreclose the possibility that a federal court may equitably toll the limitations period during the pendency of a federal habeas corpus petition. *Id.* at 2130 (Stevens, J. concurring). The Court will assume for the purpose of this analysis that Petitioner is entitled to equitable tolling of the limitations period while her first habeas petition was pending. Thus, the limitations period commenced on April 24, 1996, and continued to run until Petitioner's first habeas petition was filed on February 26, 1997. The filing of the habeas petition tolled the limitations period with approximately two months remaining. The limitations period re-

3

commenced on July 2, 1998, when the Western District dismissed her habeas petition for want of prosecution. The limitations period expired two months later, in September 1998.

Petitioner filed the pending habeas petition on July 18, 2006, over seven years after the limitations period expired. Thus, the petition is untimely.

Petitioner argues that the limitations period should be tolled and her petition should be considered timely because the Western District of Michigan allowed her to re-file her petition. In support of this argument, Petitioner attaches a copy of a handwritten note, dated July 5, 2006, purportedly from the Western District of Michigan, which states: "You may file again using the enclosed form. 1 form for the court. 1 form for you to keep." *See* Attachment to Petitioner's Reply Brief.

"Because AEDPA's one-year statute of limitations is not jurisdictional, a petitioner who misses the deadline may still maintain a viable habeas action if the court decides that equitable tolling is appropriate." *Allen v. Yukins*, 366 F.3d 396, 401 (6th Cir. 2004), citing *Dunlap v. United States*, 250 F.3d 1001, 1007 (6th Cir. 2001). The Sixth Circuit Court of Appeals has identified the following five factors to be considered in determining whether a habeas corpus petitioner is entitled to equitable tolling: (1) the petitioner's lack of notice of the filing requirement; (2) the petitioner's lack of constructive knowledge of the filing requirement; (3) diligence in pursuing one's rights; (4) absence of prejudice to the respondent; and (5) the petitioner's reasonableness in remaining ignorant of the legal requirement for filing his claim. *Dunlap v. U.S.*, 250 F.3d 1001, 1008 (6th Cir. 2001).

Even assuming the authenticity of the handwritten note from the Western District regarding the refiling of Petitioner's habeas petition, the Court finds that Petitioner is not entitled

4

to equitable tolling of the imitations period. First, Petitioner's more than seven year delay in pursuing her remedies in federal court evidences a complete lack of diligence. Second, The Sixth Circuit Court of Appeals has consistently held that "ignorance of the law is not sufficient to warrant equitable tolling." *Rose v. Dole*, 945 F.2d 1331, 1335 (6th Cir.1991). This is so even when the petitioner is acting *pro se* and is uneducated. *See Cobas v. Burgess*, 306 F.3d 441, 444 (6th Cir. 2002). Thus, Petitioner's claim that she was ignorant of the law will not serve to delay the running of the one-year limitations period. Finally, the correspondence from the Western District did not make any ruling regarding the timeliness of the habeas petition. It merely advised Petitioner how to file a petition.

Thus, the Court finds that the petition is untimely and Petitioner is not entitled to equitable tolling of the limitations period for the period after her first habeas petition was dismissed.

### III. Conclusion

The Court finds that Petitioner failed to file her habeas petition within the applicable one-year limitations period.

Accordingly, **IT IS ORDERED** that Respondent's Motion for Summary Judgment is **GRANTED** and the petition for a writ of habeas corpus is **DISMISSED**.

s/Marianne O. Battani
MARIANNE O. BATTANI
UNITED STATES DISTRICT JUDGE

Dated: <u>August 15, 2008</u>